Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Mike Harris**, an Arizona resident; | Case No. |
| Plaintiff, | |
| v. | **VERIFIED COMPLAINT** |
| **Cactus Valley HVAC, LLC**, an Arizona company; **Gurr Brothers Construction, LLC**, an Arizona company; and **Richard Gurney,** an Arizona resident; | |
| Defendants. | **(Jury Trial Requested)** |

Plaintiff Mike Harris ("**Plaintiff**"), for his Verified Complaint against Defendants; Cactus Valley HVAC, LLC; Gurr Brothers Construction, LLC; and Richard Gurney; (**"Defendants"**), hereby alleges as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); failure to pay Arizona minimum wage in violation of A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**" or "**AMWS**"); and failure

to make timely payment of wages under the Arizona Wage Statute, A.R.S. §§ 23-350 – 23-355 ("**Arizona Wage Statute**" or "**AWS**").

2. This action is also brought to recover overtime and minimum wage compensation, liquidated or double damages, treble damages, and statutory penalties resulting from Defendants' violations of the FLSA and AMWS.

3. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

6. Plaintiff was employed by Defendants in this District.

## PARTIES

7. At all relevant times to the matters alleged herein, Plaintiff resided in the District of Arizona.

8. Plaintiff was a full-time employee of Defendants from on or around March 29, 2022, until on or around April 20, 2022 ("**all relevant times**").

9. At all relevant times to the matters alleged herein, Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

10. At all relevant times to the matters alleged herein, Plaintiff was an employee of Defendants as defined by A.R.S. § 23-362(A).

11. At all relevant times, Plaintiff was an employee Defendant Cactus Valley HVAC, LLC as defined by A.R.S. § 23-350(2).

12. Defendant Cactus Valley HVAC, LLC is a company authorized to do business in Arizona.

13. At all relevant times to the matters alleged herein, Defendant Cactus Valley HVAC, LLC was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

14. At all relevant times to the matters alleged herein, Defendant Cactus Valley HVAC, LLC was Plaintiff's employer as defined by A.R.S. § 23-362(B).

15. At all relevant times to the matters alleged herein, Defendant Cactus Valley HVAC, LLC was Plaintiff's employer as defined by A.R.S. § 23-350(3).

16. At all relevant times, Plaintiff was an employee Defendant Gurr Brothers Construction, LLC as defined by A.R.S. § 23-350(2).

17. Defendant Gurr Brothers Construction, LLC is a company authorized to do business in Arizona.

18. At all relevant times to the matters alleged herein, Defendant Gurr Brothers Construction, LLC was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

19. At all relevant times to the matters alleged herein, Defendant Gurr Brothers Construction, LLC was Plaintiff's employer as defined by A.R.S. § 23-362(B).

20. At all relevant times to the matters alleged herein, Defendant Gurr Brothers Construction, LLC was Plaintiff's employer as defined by A.R.S. § 23-350(3).

21. Defendant Richard Gurney is an Arizona resident.

22. Defendant Richard Gurney has directly caused events to take place giving rise to this action.

23. Defendant Richard Gurney is an owner of Cactus Valley HVAC, LLC.

24. Defendant Richard Gurney is an employer of Cactus Valley HVAC, LLC.

25. Defendant Richard Gurney has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

26. Defendant Richard Gurney has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

27. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Richard Gurney is an employer.

28. Defendant Richard Gurney had the authority to hire and fire employees.

29. Defendant Richard Gurney had the authority to hire and fire Plaintiff.

30. Defendant Richard Gurney interviewed and hired Plaintiff.

31. Defendant Richard Gurney supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

32. Defendant Richard Gurney would text Plaintiff tasks to do.

33. Defendant Richard Gurney determined the rate and method of Plaintiff's payment of wages.

34. Defendant Richard Gurney would collect Plaintiff's hours and submit them to the accounting department.

35. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Richard Gurney is subject to individual and personal liability under the FLSA.

36. Plaintiff further informed, believes, and thereon alleges that each of the

Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

37. Defendants, and each of them, are sued in both their individual and corporate capacities.

38. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

39. Plaintiff has a good faith reasonable belief that in his work for Cactus Valley HVAC, LLC, he was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

40. Plaintiff has a good faith reasonable belief that in his work for Gurr Brothers Construction, LLC, he was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

41. Plaintiff has a good faith reasonable belief that in his work for all Defendants, he was employed by an enterprise engaged in commerce that had combined annual gross sales of at least $500,000 in 2022.

42. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

43. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

44. Plaintiff, in his work for Defendants, regularly handled goods produced and transported in interstate commerce.

45. Plaintiff would regularly use the telephone to communicate with Defendants.

46. Under the FLSA, Plaintiff is a covered employee under individual coverage.

47. Under the FLSA, Plaintiff is a covered employee under enterprise coverage.

**FACTUAL ALLEGATIONS**

48. Entity Defendants are construction and HVAC companies.

49. On or around March 29, 2022, Plaintiff Mike Harris commenced employment with Defendants as a lead installer HVAC.

50. Plaintiff's primary job duties included installing, retro fitting, duct work, and assisting with construction.

51. Plaintiff was a non-exempt employee.

52. Plaintiff was supposed to be paid a base salary of $800 a week plus $275 per completed install.

53. Plaintiff was not provided full payment for his final two paychecks.

54. Plaintiff estimates that he is owed $2,880 in unpaid regular wages.

55. Therefore, because he received $0.00 for his last paycheck for hours worked, an FLSA, AMWS, and AWS violation has occurred.

56. Defendants failed to properly compensate Plaintiff for all his overtime and regular hours.

57. Plaintiff worked in excess of 40 hours per week.

58. Plaintiff was not provided with the required one and one-half times pay premium as required by the FLSA for all his worked overtime hours.

59. For example, during the work week of April 4, 2022, Plaintiff estimates he worked approximately 58 hours and was not provided any overtime pay.

60. Plaintiff estimates he is owed 34 hours of unpaid overtime.

61. Defendants were aware that Plaintiff's working hours exceeded 40 hours.

62. Defendants required him to work overtime as a condition of his employment.

63. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due on his next paycheck.

64. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

65. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining his employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

66. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
## (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

67. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

68. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

69. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

70. Defendants have intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA.

71. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C. § 206.

72. In addition to the amount of unpaid minimum wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C.

§ 216(b).

73. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

74. Defendants knew Plaintiff was not being compensated full minimum wages for time worked.

75. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

76. Defendants have not made a good faith effort to comply with the FLSA.

77. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
## (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

78. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

79. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

80. Plaintiff is an employee entitled to the statutorily mandated overtime wages.

81. Defendants have intentionally failed and/or refused to pay Plaintiff overtime wages according to the provisions of the FLSA.

82. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C. § 207.

83. In addition to the amount of unpaid overtime wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

84. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

85. Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages.

86. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

87. Defendants have not made a good faith effort to comply with the FLSA.

88. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT III
## (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

89. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

90. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

91. Defendants intentionally failed and/or refused to pay Plaintiff full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

92. In addition to the amount of unpaid minimum wage owed to Plaintiff, he is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

93. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT IV
## (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)
## (AGAINST ENTITY DEFENDANTS ONLY)

94. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

95. At all relevant times, Plaintiff was employed by entity Defendants within the meaning of the Arizona Wage Statute.

96. Entity Defendants were aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

97. Entity Defendants were aware that, under A.R.S. § 23-353, they were obligated to pay all wages due to Plaintiff.

98. Entity Defendants failed to timely pay Plaintiff his wages due without a good faith basis for withholding the wages.

99. Entity Defendants have willfully failed and refused to timely pay wages due to Plaintiff.

100. As a result of entity Defendants' unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

    i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

      ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

      iii. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

      iv. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

      v. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

      vi. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

      vii. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

B.    For the Court to award compensatory damages, including liquidated or double damages, and / or treble damages, to be determined at trial;

C.    For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D.    For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and all other causes of action set forth herein;

F.    Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED May 17, 2022.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

**VERIFICATION**

Plaintiff Mike Harris declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

*Michael v Harris*
_____
Mike Harris